UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BETH E. SHEA )<br>**Plaintiff**, )<br> )<br>    v. )<br> )<br>**R. BRADFORD PORTER,** *Individually,* )<br>*And in his official capacity as an Officer* )<br>*Of the Massachusetts State Police* )<br>**Defendant,** )<br> ) | **COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, Beth E. Shea, seeks relief for the defendant's violation of her civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the First, Fourth, Fifth, Sixth and Eighth Amendments, as well as the Equal Protection and Due process Clauses of the Fourteenth Amendment, to the United States Constitution, and for rights secured under the common law of the Commonwealth of Massachusetts. The plaintiff seeks damages, both compensatory and punitive, an award of costs and attorney fees, and such other and further relief as this court deems equitable and just.

## **Jurisdiction**

2. This action arises under 42 U.S.C. § 1983 and of rights secured by the First, Fourth, Fifth, Sixth and Eighth Amendments, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States. Jurisdiction is conferred upon this Court by Title 28 U.S.C. § 1331, 1343(3), this being an action seeking redress for violation of

Ms. Shea's constitutional and civil rights. Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case and controversy. Plaintiff demands a trial by jury on each and every one of her claims.

**Venue**

3. Pursuant to 28 U.S.C. § 1391(a), (b) and (c), venue is proper in the District of Massachusetts, the judicial district in which the claims arose and in which, upon information and belief, all defendants reside or conduct business.

**Parties**

4. The Plaintiff, Beth E. Shea, resides at 51 Ford Ranch Road, Milton, Massachusetts and was at all relevant times a resident of Massachusetts.

5. Defendant was at all times relevant to this complaint, a duly appointed and acting officer of the State Police Department of the Commonwealth of Massachusetts, acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts.

**Jury Trial Demand**

6. Plaintiff herby demands a trial by jury on all issues so triable.

**Statement of Facts**

7. On June 5, 2007, at approximately 4:30 p.m., the Plaintiff, Beth E. Shea, was driving her vehicle, a Jeep Grand Cherokee, on her way to her home in Milton, Massachusetts. She was driving less than 30 miles per hour down Centre Lane in Milton, when she saw a woman standing in the street by a parked car which, although parked on the right side of

       the road, was facing the oncoming traffic. The woman was waving to Plaintiff Shea, who assumed the woman was in distress and looking for someone to stop and assist her. Plaintiff Shea turned her car toward the woman and stopped.

8. The woman, later identified as Tracy Gorfinkle of 95 Centre Lane, did not approach Plaintiff Shea to explain why she had flagged down the vehicle, but instead moved to the sidewalk. Plaintiff Shea picked up her cell phone and called 411 to be connected to the Milton Police Department.

9. As Plaintiff Shea was trying to reach the police, a man walked up to her vehicle window and began to pound on it, which startled her. The man, Defendant R. Bradford Porter, tried to open the front and rear door of the vehicle, which were locked. He said he was a police officer and then began to yell for her get out of the car, stating that he was going to take her to jail for the night.

10. Defendant Porter, who is a Massachusetts State Police detective, was wearing civilian clothes, specifically a light blue shirt and khaki pants. From her vantage point, Plaintiff Shea did not see a police badge or gun.

11. Plaintiff Shea said she was on the phone to the police. Defendant Porter then yelled, "I am the fucking police."

12. Defendant Porter then walked to the vehicle's rear, where Plaintiff Shea observed him looking down toward the license plate area. He then went inside a nearby house, which Plaintiff Shea later learned was his residence.

13. Because of Defendant Porter's abusive, violent actions, Plaintiff Shea did not believe he was a state police officer. She did, in fact, fear that he could be pretending to be an officer in order to gain access to her vehicle and possibly her person.

14. Plaintiff Shea did not know her exact location and was advised by the Milton Police Department to find out the name of the street.   Plaintiff Shea drove to the end of the street, where she learned that she was on Centre Lane.  She placed another call to the police to inform them of the location, but lost the connection.  She then proceeded to drive to the Milton Police station.

15. Plaintiff Shea turned right onto Coolidge Road, then left onto Reedsdale Road, and then right onto Clifton Road.   As she pulled up behind a vehicle stopped at the intersection of Clifton Road and Highland Street, she heard a siren and saw a non-police car with flashing blue lights pull up behind her.

16. She saw Defendant Porter emerge from the vehicle, approach her driver's side window and hit it with his fist.  He yelled, "Get out of the car you fucking bitch.  You're going to jail for the night.  You're mine."  He cracked the window with his fist but did not break it completely through.

17. Defendant Porter then went to the trunk of his car and removed a long flashlight, which he then used to smash Plaintiff Shea's driver's side window, sending shards of broken glass onto her face and hair, as well as into the interior of the vehicle.  Defendant Porter reached inside and opened the door, then grabbed Plaintiff Shea by the wrist and pulled her from the vehicle.

18. Plaintiff Shea was now sobbing hysterically and covered with broken glass and blood from where Defendant Porter had cut his hand on the window.

19 Plaintiff Shea yelled for help to the driver of the vehicle stopped in her front.  That woman, Maureen Flanagan, assured Plaintiff Shea that she had just called the Milton Police and that they were on the way.

20. Defendant Porter continued to use excessive, brutal force, cuffing Plaintiff Shea's hands tightly behind her and shoving her along the street. Fearing for her safety, and uncertain that Defendant Porter was actually a law enforcement officer, Plaintiff Shea got up at one point and tried walking away, pleading with all passersby for help. Defendant Porter once again grabbed her and pushed her.

21. A number of Milton police officers responded to the scene. After identifying himself as a state police officer, Defendant Porter told the Milton officers, "She's mine," and insisted that he was going to take Plaintiff Shea to the State Police Houghton Pond Barracks in Milton for booking. No state police officers were present or ever arrived at the scene.

22. One of the responding Milton police officers, Officer Jennifer Daukas, assured Plaintiff Shea that she would accompany her to the Houghton Pond Barracks and not leave Plaintiff Shea alone with Defendant Porter. Officer Daukas searched Plaintiff Shea and allowed her to keep her cell phone.

23. Plaintiff Shea was brought to the barracks for booking; after which she was placed in a room and handcuffed to a bar for several hours. She refused to answer questions from Defendant Porter because of his frightening, abusive behavior, but she was cooperative with every other state police officer who talked with her.

24. At one point, she asked Defendant Porter if she could make a telephone call, as was her right, but he said he needed to know who she would call before granting her telephone access. Plaintiff Shea was still in possession of her cell phone, and after Defendant Porter left her alone, she called her brother and asked him to call an attorney.

25. At one point, Plaintiff Shea overhead another trooper tell Defendant Porter that her lawyer had arrived some 15 to 20 minutes earlier and should have already been allowed

to counsel her.  Defendant Porter told the trooper he would not let Plaintiff Shea see her lawyer until he was finished questioning her.

26. An EMT from Fallon Ambulance examined Defendant Shea at the State Police Barracks. Plaintiff Shea later learned that the ambulance had been dispatched from the Milton Police Department, not from the state police.

27. Plaintiff Shea was charged with assault with a dangerous weapon, reckless driving, refusing to identify herself, resisting arrest, failure to stop for a police officer, and speeding.  Ms. Gorfinkle, a friend and neighbor of Defendant Porter's, claimed that she was trying to signal for Plaintiff Shea to slow down, and that Plaintiff Shea assaulted her by driving her vehicle at her.  Plaintiff Shea was released on $5,000 cash bail.

28. Plaintiff Shea then went to the Milton Hospital for treatment for cuts, contusions and abrasions, including the bruises to her wrists where Defendant Porter had grabbed her and where she had been handcuffed for several hours.  She was also prescribed with a sedative to help relieve her emotional trauma.

29. All charges filed against Plaintiff Shea were nolle prosequi.

**Damages**

30. As a result of the defendant's unconstitutional actions, Ms. Shea sustained the following injuries; pain and suffering; severe mental anguish; emotional distress; infliction of physical trauma and illness; post-traumatic stress; sleeplessness; indignities and embarrassment; degradation; injury to reputation; loss of enjoyment of activities with family and others; and financial implications including loss of wages and earnings, loss of future income, and damages to her vehicle.

**Federal Claim**

**Count I – 42 U.S.C. § 1983**

31. Plaintiff Shea restates and incorporates by reference herein paragraphs 1 – 30 above.

32. Defendant Porter clearly deprived Plaintiff Shea of her Fourth Amendment right to be secure against an unreasonable seizure when he intentionally and unreasonably used excessive force in physically seizing and arresting her.

33. Defendant Porter clearly deprived Plaintiff Shea of her Fifth and Sixth Amendment rights to counsel when he unreasonably denied her request to contact an attorney while she was being subjected to custodial interrogation.

34. Defendant Porter clearly deprived Plaintiff Shea of her First Amendment right to free speech when he unreasonably denied her request to use the telephone without first approving who she would call.

35. Defendant Porter clearly deprived Plaintiff Shea of her Eighth Amendment rights when he unreasonably displayed deliberate indifference to her medical needs.

36. Defendant Porter clearly deprived Plaintiff Shea of her Fourteenth Amendment right to Due Process and her Eighth Amendment right to be free of excessive bail when he unreasonably helped to shape and exercised significant influence over the imposed bail amount set upon Plaintiff Shea, which was far greater than necessary to ensure her presence at court.

37. Defendant Porter deprived Plaintiff Shea of her Fourteenth Amendment right to Due Process and her Eighth Amendment right to be free of unreasonable detention when he unreasonably handcuffed her and kept her handcuffed at the state police barracks for several hours.

38. Plaintiff Shea claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Porter for violation of her constitutional rights under color of law.

**State Claims**

**Count 1 – Massachusetts Declaration of Rights, Article XI**

**Recourse to the laws, for all injuries or wrongs which she may receive in her person property, or character.**

39. Plaintiff Shea restates and incorporates by reference herein paragraphs 1—38 above.

40. Defendant Porter assaulted and battered Plaintiff Shea. Plaintiff Shea was put in apprehension of an imminent harmful or offensive touching, and thereby Defendant Porter committed a tortuous assault upon her.

41. Defendant Porter battered Plaintiff Shea. Defendant Porter intentionally committed a harmful and offensive touching upon Plaintiff Shea's person, thereby committing a battery upon her.

42. As a result of this assault and battery, Plaintiff Shea suffered damages aforesaid.

43. Defendant Porter intentionally inflicted emotional distress upon Plaintiff Shea by his extreme and outrageous behavior against her

44. Defendant Porter also deprived Defendant Shea of her liberty and subjected her to great humiliation, embarrassment, degradation and shame, causing her further damage and injury.

**WHEREFORE**, the Plaintiff demands the following against the Defendant:

 a. That the Court enter judgment in favor of the Plaintiff, Beth E. Shea, against the Defendant, R. Bradford Porter, on all Counts of the Complaint;

 b. That the Court award Compensatory damages for the Plaintiff, Beth E. Shea, in an

       amount to be determined at trial;

c.     That the Court award Punitive damages for the Plaintiff, Beth E. Shea, in an amount to be determined at trial, in order that such award will deter similar proscribed conduct in the future;

d.     That the Court award to the Plaintiff, Beth E. Shea, pre-judgment and post-judgment interest on all sums awarded her in this action;

e.     A court order, pursuant to 42 U.S.C. § 1988, that the Plaintiff, Beth E. Shea, is entitled to the costs involved in maintaining this action and attorney's fees;

f.     The convening and empanelling of a jury to consider the merits of the claims herein;

g.     Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

                                            Respectfully submitted,

                                            BETH E. SHEA
                                            By her attorney,

/s/ *George F. Gormley*
George F. Gormley
B.B.O. No. 204140
GEORGE F. GORMLEY, P.C.
755 East Broadway
South Boston, MA 02217
617-268-2999

Dated: December 29, 2008

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 29, 2008.

            <u>/s/ George F. Gormley</u>
            George F. Gormley, Esq.