UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BETH E. SHEA,                       )
                                    )
        Plaintiff,                 )
                                    )
            v.              )     Civil Action No. 1:08-12148-MLW
                                    )
MARIAN J. MCGOVERN,                 )
MARK F. DELANEY,                    )
R. BRADFORD PORTER,                 )
BRIAN CONNORS, and                  )
DAVID DEBUCCIA,                     )
                                    )
        Defendants.                )
_____)

# MEMORANDUM AND ORDER ON PLAINTIFF'S
# MOTION TO COMPEL PRODUCTION OF DOCUMENTS
[Docket #60]

January 31, 2011

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents [Docket #60]. Specifically, Plaintiff Beth E. Shea ("Shea") requests information from non-party Massachusetts State Police ("MSP") about its employee, Defendant R. Bradford Porter ("Porter"), regarding: (1) the underlying incident that began with Shea's arrest on June 5, 2007; and (2) any other similar incident in which a citizen or Porter's supervisors complained about Porter's use of excessive force, making false arrest, or engaging in malicious prosecution. Although Porter and the MSP make blanket assertions that many of the documents are protected by Massachusetts state privileges, they have not produced a privilege log as required by the Federal Rules of Civil Procedure. For the reasons detailed more fully below, this Court orders that (1) the MSP produce all non-privileged documents with respect to the first category of

documents, and (2) produce a privilege log consistent with this opinion and in accordance with the schedule set forth herein with respect to any privileged documents in the first category of requested documents. The Court reserves decision with respect to the documents in the second category.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On December 29, 2008, Shea filed a complaint against Porter in both his official and individual capacity alleging violations of 42 U.S.C. § 1983 and Shea's civil rights under the Massachusetts Constitution in connection with her arrest in June 2007. [Docket #1]. Shea amended her complaint in February 2010 to include additional state police officials, with corresponding claims under Section 1983 and the Massachusetts Constitution, as well as additional malicious prosecution and intentional infliction of emotional distress claims. [Docket #34]. Several defendants, not including Porter, have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket ##50, 54].

On September 16, 2009, Shea served a subpoena on the Custodian of Records for the Massachusetts State Police. Memorandum in Support of Motion to Compel ("Memo."), Ex. A. [Docket #61]. The requests included "all personnel information within the Certification Unit regarding Trooper R. Bradford Porter, including background and performance evaluations" (No. 16) and "all payroll information within the Division of Administrative Services regarding Trooper Bradford Porter" (No. 17).[1]

---

[1] Porter represented in his opposition that the MSP had already provided this information. [Docket #66 at 3]. Shea responded that she received summary information and wanted the requests and payments for overtime. [Docket 74 at 4 n.1]. This matter appears to have been resolved at the November 23, 2010 hearing when the Middlesex District Attorney's Office, the office at which Porter was stationed at the time of the incident, agreed to provide

On October 5, 2009, Porter's counsel sent a letter to Shea's counsel stating that although he did not object to the production of any documentation regarding an internal investigation into the complaint made by Shea, he did object to the production of any information pertaining to his personnel file or any other internal affairs investigations that may exist. Memo, Ex. B.

On November 25, 2009, the MSP sent a letter to Shea's counsel responding to Shea's subpoena. Memo, Ex. C. The MSP specifically objected to request No. 16 on the grounds that it seeks documents that are confidential and privileged personnel materials pursuant to Mass. Gen. Laws. c. 66A, sec 2(K).[2] Id. The MSP also stated that Porter's personnel file contained performance evaluations and that Porter had objected to their release. Id. The MSP further objected to the request on the grounds that it seeks investigatory materials that are exempt from disclosure because they are excluded from the definition of a public record by Mass. Gen. Laws. c. 4, § 7(26)(f).[3] Id.

On April 27, 2010, Shea filed a motion to compel the production of documents requested

---

overtime records for Porter. See Docket #80.

[2] Section 2(K) of the Massachusetts Information Practices Act, Mass. Gen. Laws. c. 66A, requires that holders of personal data "maintain procedures to ensure that no personal data are made available in response to a demand for data made by means of compulsory legal process, unless the data subject has been notified of such demand in reasonable time that he may seek to have the process quashed."

[3] The MSP specifically referenced the withholding of a background investigation report which "includes the Department's findings and conclusions, as well as, statements of individuals/witnesses interviewed." Id. The MSP stated that production of that document, along with the identities and statements of individuals interviewed, would significantly hamper the MSP's ability to perform background investigations and would deter individuals who provided information about Porter, and citizens in general, from voluntarily providing candid information for fear that their identity and statements would be subject to disclosure. Id. It is unclear, given the lack of a privilege log, whether this objection pertains to material that Shea continues to seek after she narrowed the scope of her discovery request.

3

in Nos. 16 and 17. [Docket #60]. Shea stated in her motion that she had narrowed her personnel file request to information relevant to: (1) the underlying incident that began with her arrest on June 5, 2007 ("Incident Documents"); and (2) any other similar incident in which a citizen or Porter's supervisors have complained about Porter's use of excessive force, making false arrest, or engaging in malicious prosecution ("Other Incident Documents"). Memo, p. 2. Shea stated that her counsel would agree to review the requested information under a protective order. Memo, p. 4. Shea explicitly stated that she was seeking only non-privileged information. Memo, p. 2.

Defendant Porter filed an opposition based on Rule 45(c)(3)(A)(iii) of the Federal Rules and Civil Procedure on May 10, 2010. [Docket #66] ("Porter Opp."). Porter stated that he did not "object to the production of documentation regarding the internal investigation into the complaint made by the Plaintiff." Porter Opp. at p. 3-4. He opposed the release of any other requested materials based on, <u>inter alia</u>, state law privileges and relevance. Shea filed a reply on May 27, 2010, which included an assertion that it was impossible to evaluate Porter's privilege claims as he had failed to provide a privilege log. [Docket #74].

On September 29, 2010, Chief Judge Wolf referred the subject motion to this Court for decision. On November 23, 2010, this Court held a hearing on Shea's Motion. Because neither party addressed whether a federal privilege applied to the documents at issue or analyzed the state privileges asserted under the test set forth by <u>In re Hampers</u>, 651 F.2d 19, 22-23 (1st Cir. 1981), this Court reserved ruling on the motion until it received additional briefing from the parties. [Docket #80] ("November 24, 2010 Order"). This Court also directed Shea to serve a copy of the November 24, 2010 Order on the Office of Chief Legal Counsel for the MSP because

4

the MSP, which has custody of the records at issue, had not filed any opposition to the production of documents requested by Shea in conjunction with her motion. Id. This Court stated that if the MSP had any objection to the production, it should file such objection with the Court and address any privilege issues. Id.

Shea filed her supplemental briefing on December 6, 2010, [Docket #83], and again asserted that neither MSP nor Porter had provided a privilege log. Defendant Porter filed his supplemental opposition on December 7, 2010, [Docket #84] ("Porter Supp. Opp."), but did not provide, nor address the need for, a privilege log. He did not assert that any federal privilege applied to the Other Incident Documents, but instead relied on a state statutory exemption precluding the release of personnel records or investigatory files. The MSP adopted the arguments set forth in Porter's papers and requested that the Court delay its decision until the District Court ruled on the other Defendants' motions to dismiss. [Docket #87]. The MSP did not provide, nor address the need for, a privilege log. Shea filed a reply on December 21, 2010 disputing the application of the asserted state privileges and again mentioning the lack of a privilege log. [Docket #88].

II. **ANALYSIS**

   A. Scope of Discovery

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) further provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P.

5

26(b)(1). Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) (citation omitted). Thus, the production sought by Shea must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) either admissible in itself or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Rule 45 provides that a person subject to a subpoena[4] may within a specified time period avoid or limit compliance in a number of ways: (1) by serving written objections pursuant to Rule 45(c)(2)(B); (2) by moving to quash or modify pursuant to Rule 45(c)(3); or (3) by moving for a protective order under Rule 26(c). Fed. R. Civ. P. 45(c). If the responding party chooses the first option, the party serving the subpoena may then move the issuing court for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B)(I).

B.  Relevance of the Requested Documents

Neither Porter nor the MSP dispute the relevance of the Incident Documents. Indeed, such documents appear to be particularly relevant to the issues raised by the Amended Complaint with respect to Defendant Porter. See e.g. Soto v. Concord, 162 F.R.D. 603, 611, 615 (N.D. Cal. 1995); Frankenhauser v. Rizzo, 59 F.R.D. 339, 346 (E.D. Pa. 1973); Floren v. Whittington, 217 F.R.D. 389, 391 (S.D.W.Va. 2003). Accordingly, this Court finds that the Incident Documents are relevant.

With respect to the Other Incident Documents, Shea states that the documents are

---

[4] Typically, a motion to quash may only be made by the party to whom the subpoena is directed. In this case, the subpoena is directed to MSP. However, if a party seeking to challenge a subpoena has a personal right or privilege with respect to the requested information, that party may have standing. Sterling Merch., Inc. v. Nestle, S.A., 470 F. Supp. 2d 77, 81 (D.P.R. 2006); Reliastar Life Ins. Co. v. Warrior, No. 06-2486, 2007 WL 2669558, at * 4 (D. Kan. September 7, 2007). In this case, Porter has asserted a personal right to the information contained in his personnel file. Shea does not challenge Porter's standing to contest the subpoena.

6

relevant to an evaluation of Porters' supervisors' actions or inactions. Memo, p. 3. Yet, these same supervisors have filed motions to dismiss. Indeed, the MSP has requested that this Court not rule on the motion to compel in its entirety until the District Court rules on the motions to dismiss. This Court declines to stay a ruling on the Incident Documents as those documents remain relevant whether or not the District Court grants the pending motions to dismiss. However, given that the relevance of the Other Incident Documents is intertwined with the supervisory Defendants' continued presence in the case, this Court will not rule at this time with respect to the Other Incident Documents. See e.g., Jouvalakas v. Minnehan, No. 03-12187, 2004 U.S. Dist. LEXIS 11120, at *3 (D. Mass. June 18, 2004) (court finds other incident documents not relevant where there is no allegation of supervisory culpability).

    C.    Failure to Provide a Privilege Log

A person withholding subpoenaed information on the basis of privilege must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents ... in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A). The First Circuit has found that the operative language of Rule 45 is mandatory and that the rule requires a party resisting disclosure to produce a document index or privilege log. In re Grand Jury Subpoena, 274 F.3d 563, 575 (1st Cir. 2001). The detail included in the privilege log must be sufficient to judge whether the undisclosed documents satisfy each element required for protection. Clark v. Edison, No. 09-40040, 2010 WL 3245428, at *3 (D. Mass. August 16, 2010), citing In re Grand Jury Subpoena, 274 F.3d at 575-6. A party that fails to submit a privilege log may be deemed to waive the underlying privilege claim. Id. at 576. Nevertheless, "courts should be cautious about finding implied

waivers." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003); In re Dep't of Justice Subpoenas to ABC, 263 F.R.D. 66, 69-71 (D. Mass. 2009) (holding that magistrate judge properly declined to impose per se waiver).

Here, neither Porter nor the MSP have produced a privilege log. Rather, they have offered only sweeping generalizations of the materials sought to be protected. See e.g., Porter Opp., p. 4 ("The documents sought...are exempt from disclosure under the personnel [file] and information, privacy and investigatory exemptions."); Porter Supp. Opp., p. 2 ("[T]he records sought qualify as personnel records which would be exempt from disclosure."). Nevertheless, this Court is not inclined to find that either Porter or MSP have waived the asserted privileges. Indeed, Shea, while mentioning the lack of privilege log, has not sought the documents on the basis of waiver alone. Rather, Shea argues that the lack of a privilege log prevents a meaningful evaluation of the validity of the asserted privileges. This Court agrees.

In addition, this Court notes that Shea only seeks non-privileged information in Porter's personnel file and that Porter does not oppose the release of information from that file relating to MSP's internal investigation of the incident that is the subject of this lawsuit. Accordingly, this Court orders that by February 14, 2011, the MSP shall produce to Shea all non-privileged Incident Documents in Porter's personnel file. To the extent that Porter or MSP assert that there are any privileged documents in Porter's personnel file related to this incident, they shall file a privilege log by February 14, 2011. Shea shall respond to the privilege log by February 21, 2011 and any reply shall be filed by February 28, 2011.

D. Privilege Analysis

To the extent that Porter or MSP intend to assert a privilege to any document, they should

be mindful of the following.

### 1. *Rule 501*

Questions of privilege in federal question cases are governed by federal law. See Fed. R. Evid. 501. A federal privilege applies even if a federal civil action combines state and federal law claims and the asserted privilege is relevant to both claims. Green v. Fulton, 157 F.R.D. 136, 139 (D. Me. 1994); Krolikowski v. Univ. of Massachusetts, 150 F. Supp. 2d 246, 248 (D. Mass 2001); Williams v. City of Boston, 213 F.R.D. 99, 100 (D. Mass. 2003). The use of federal privileges is especially relevant in civil rights cases against state actors because state authorities could insulate themselves by developing privileges if state law controlled. See e.g., Kelly v. San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As a principle of comity, federal courts will recognize state evidentiary privileges as a matter of federal common law where this can be accomplished at no substantial cost to federal procedural and substantive policy. Green, 157 F.R.D. at 139. The party claiming the privilege has the burden of establishing its existence. United States v. Lilly, 185 F.R.D. 113, 115 (D. Mass. 1999).

### 2. *Investigatory/Official Information Privilege*

Although Porter and the MSP claim that a state privilege applies to all of the requested documents, the investigatory/official information privilege, a qualified federal privilege, may be at issue in this case. See e.g., Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007); United States v. Cintolo, 818 F.2d 980, 1002 (1st Cir. 1987); Roviaro v. United States, 353 U.S. 53, 59-60 (1957). Police personnel files may be covered by the investigatory/official information privilege. See e.g., Nat'l Congress for Puerto Rican Rights v. New York, 194 F.R.D. 88, 95 (S.D.N.Y. 2000); Soto, 163 F.R.D. at 613; King v. Conde, 121

9

F.R.D. 180, 191-2 (E.D.N.Y. 1988). Because the privilege is qualified, the court must balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information. Commonwealth of Puerto Rico, 490 F.3d at 64; Lilly, 185 F.R.D. at 115; see also Jouvalakas, 2004 U.S. Dist. LEXIS 11120 at *3 (stating that no blanket investigatory privilege exists to protect Internal Affairs investigations and denying motion to quash).

       3.       *Assertion of the Investigatory/Official Information Privilege*

If the MSP or Porter maintains that the documents are covered by the investigatory/ official information privilege, they should note that the official information privilege generally does not belong to individuals and can only be asserted by a governmental entity. Sterling Merch., Inc., 470 F. Supp. 2d at 83; Jones v. DeRosa, 238 F.R.D. 157, 165-166 (D.N.J. 2006); Walker v. Huie, 142 F.R.D. 497, 502 (D. Utah 1992). Accordingly, it appears that Porter, in his individual capacity, may not be able to assert the investigatory/official information privilege.

Should the MSP decide to invoke the investigatory/official information privilege, the MSP should be mindful that blanket assertions are insufficient to support the privilege and it must provide precise and certain reasons for protecting the documents. Mason v. Stock, 869 F. Supp. 929, 834 (D. Kan. 1994); Jones, 238 F.R.D. at 166. General claims of harm are insufficient. Soto, 162 F.R.D. at 615. The MSP must provide enough information regarding what interest would be harmed, how disclosure would cause the harm, and the amount of harm. Kelly, 114 F.R.D. at 669. Indeed, some courts have required that the assertion of the privilege be accompanied by a formal claim of privilege signed by the head of the department in control of the requested information who has actual personal knowledge of these documents. See e.g., Sterling Merch., 470 F. Supp. 2d at 83; King, 121 F.R.D. at 189; Kelly, 114 F.R.D. at 669.

## III. **ORDER**

The Plaintiff's motion to compel [Docket #60] is granted in part. The Massachusetts State Police is ORDERED to produce all non-privileged Incident Documents in Porter's personnel file by February 14, 2011. To the extent that Porter or MSP assert that there are any privileged documents in Porter's personnel file related to the June 5, 2007 incident, they shall file a privilege log by February 14, 2011. Shea shall respond to the privilege log by February 21, 2011 and any reply shall be filed by February 28, 2011.

The Court reserves ruling on Shea's request for the Other Incident Documents pending the District Court's ruling on the Defendants' motions to dismiss.

        / s / Jennifer C. Boal
        JENNIFER C. BOAL
        UNITED STATES MAGISTRATE JUDGE