UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETH E. SHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 08-12148-FDS |
| ) | |
| R. BRADFORD PORTER et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON BILL OF COSTS

**SAYLOR, J.**

Plaintiff Beth E. Shea has submitted a bill of costs in this matter as the prevailing party under Fed. R. Civ. P. 54(d). Plaintiff requests that she be awarded costs in the amount of $31,267.35.

Recovery of costs is governed by 28 U.S.C.A § 1920 and the Fed. R. C. P. 54(d). Rule 54(d) requires that costs, other than attorney's fees, be allowed to the prevailing party, unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. C. P. 54(d)(1). Section 1920 states that the "judge or clerk of any court of the United States may tax as costs" various fees, including:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees . . . .

28 U.S.C.A § 1920. District courts are "bound by the limitations" established by § 1920, and costs not listed under that section may not be awarded. *See Crawford Fitting Co. v. J.T.*

*Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

An uncontested bill of costs is customarily granted. *See, e.g., EEOC v. Autozone, Inc.*, 2013 U.S. Dist. LEXIS 45720 (D. Mass. Mar. 29, 2013). However, a Court must independently assess whether the requested costs are reasonable. *Id.*

The request for costs submitted by the plaintiff is somewhat confusing. Plaintiff's trial counsel initially indicates that he seeks costs in the amount of $19,096.20. Several paragraphs later, he states that he is requesting $19,153.27, and provides calculations in support of that number, indicating that he spent a total of $23,057 on the case, but reduced the total by $3,903.30 for purposes of the present motion to eliminate unrecoverable expenses. However, upon filing a supplemental motion for costs, trial counsel against requests $19,096.20. Accordingly, the Court will treat trial counsel's request as being for $19,096.20.

Trial counsel also includes a request for an additional $12,241.15 in costs incurred by plaintiff's prior counsel. Thus, counsel seeks total costs in the amount of $31,267.35.

Defendants have not opposed the bill of costs. However, the Court has identified a number of items in plaintiff's exhibits that are not recoverable under § 1920. The Court will reduce plaintiff's bill of costs in the following amounts.

1.  Plaintiff claims witness fees for Charles Paris and Jennifer Daukas in the amounts of $54 and $57, respectively, but it does not appear that either individual ever testified. As a result, these costs (a total of $111) will not be allowed.

2.  Plaintiff concedes that the expenses related to Professor Mears (a total of $6,124.93) may not be recoverable. The Court agrees and denies the $6,124.63 in expenses for Professor Mears.

3. Plaintiff requests reimbursement for parking, cab, and attorney mileage, none of which are recoverable under § 1920.  As a result, these costs (a total of $548) will not be allowed.

4. Plaintiff request reimbursement for postage costs incurred by prior counsel. Postage is not recoverable under § 1920.  As a result, these costs (a total of $300.97) will not be allowed.

Accordingly, and for the foregoing reasons, the total costs awarded will be $24,182.72.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: August 14, 2013