# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETH E. SHEA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 08-12148-FDS |
| v. ) | |
| ) | |
| R. BRADFORD PORTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER ON
## MOTION FOR RECONSIDERATION

**SAYLOR, J.**

This is a civil rights action arising out of an arrest by an officer of the Massachusetts State Police. Plaintiff brought claims under 42 U.S.C. § 1983 for unlawful arrest and excessive force, and under state law for malicious prosecution. The jury found for plaintiff on her claim of malicious prosecution and awarded her $60,000 in damages. It found for defendant on plaintiff's claims for unlawful arrest and excessive force. Plaintiff moved for judgment notwithstanding the verdict and a new trial, which the Court denied without written opinion. Plaintiff then moved for reconsideration of the denial of the motion for a new trial, contending that the Court did not correctly apply the legal standard to the facts.

On October 31, 2014, the Court issued an order granting a new trial on plaintiff's claims for malicious prosecution, unlawful arrest, and excessive force. The Court found that a new trial was warranted because the jury's verdict—specifically, its verdict as to the claims of false arrest and excessive force—were against the clear weight of the evidence. In addition, the Court ruled that the malicious prosecution claim would be set aside in fairness to defendant.

On November 11, 2014, plaintiff filed a motion for the Court to reconsider its order vacating the judgment on the malicious prosecution claim. Plaintiff contends that absent exceptional circumstances, the Court should not have vacated the judgment on the malicious prosecution claim. Furthermore, plaintiff contends that the § 1983 claims are so distinct and separable from the malicious prosecution claim so as to counsel against ordering of a new trial on the malicious prosecution claim. Defendant opposes plaintiff's motion, contending that the "claim of excessive force and false arrest are interwoven with [the] malicious prosecution claim such that they cannot be tried independently."

It is well-established that "an issue may not be separated for retrial 'unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Payton v. Abbott Labs*, 780 F.2d 147, 154 (1st Cir. 1985) (quoting *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)). Here, there is substantial factual overlap between the § 1983 claims and the malicious prosecution claim. Among other things, damages from the unlawful arrest and excessive force claims are "inextricably interwoven" with damages from the malicious prosecution claim. Plaintiff's principal claimed damages as to all three claims are for mental and emotional damages; the damages as to the malicious prosecution claim cannot be readily separated from the damages as to the other two claims. Therefore, the malicious prosecution claim is not "so distinct and separate from" the federal claims such "that a trial of it alone may be had without injustice."

Accordingly, plaintiff's motion for reconsideration is DENIED.

**So Ordered.** /s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: November 26, 2014 United States District Judge